HOME BUILDERS ASSOC. OF FAYETTEVILLE N.C., INC. v. CITY OF FAYETTEVILLE

[358 N.C. 726 (2004)]

| | | |
|---|---|---|
| HOME BUILDERS ASSOCIATION OF FAYETTEVILLE NORTH CAROLINA, INC., JAMES EDWARD GRAVES, JIM GRAVES & ASSOCIATES, INC., JOHN McNATT GILLIS, GILLIS DEVELOPMENT CORPORATION, INC., CHARLES A. GORE, GORE BUILT HOMES, INC., EDGAR CLAY BULLARD, REGAL INDUSTRIES, INC., WATSON G. CAVINESS, CAVINESS & CATES BUILDING AND DEVELOPMENT COMPANY, RALPH D. HUFF, III, H&H CONSTRUCTORS, INC., GEORGE ARMSTRONG, CRA HOME BUILDERS, INC., HAROLD KIDD, KIDD CONSTRUCTION CO., INC., LAWRENCE WAYNE HARDIN, HARDIN BUILDERS, INC., JACKIE HAIRR, HCC INVESTMENTS, LLC, MIKE HOWARD, HOWARD BUILDERS LLC, RONALD W. SMITH, R.W.S. GENERAL BUILDERS, LLC, THOMAS L. BRADFORD, ELMWOOD PARTNERS, LLC., TAMI SCHALLER,<br>v.<br>CITY OF FAYETTEVILLE | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |

No. 343P04

This Court allowed a temporary stay in this case on 12 July 2004. As to the other motions filed in the cause, the Court orders as follows:

Petitioners' Petition for Writ of Supersedeas is allowed. The portion of Judge Locklear's Order of 28 June 2004 that provides that "neither [petitioners'] Petition or Amended Petition, nor any other aspect of this proceeding, shall modify the June 30, 2004 effective date of the City's Annexation Ordinance" is stayed pending appeal.

Petitioners' Petition for Writ of Certiorari to review the Court of Appeals' Order entered 7 July 2004 dissolving the temporary stay of the Annexation Ordinance and denying petitioners' Petition for Writ of Supersedeas to the Court of Appeals is denied.

Petitioners' Petition for Discretionary Review (prior to determination by the North Carolina Court of Appeals) to consider petitioners' appeal from the Cumberland County Superior Court Order dismissing their underlying petition is denied.

Petitioners' application for an order staying the portions of Judge Locklear's Order to the effect that respondent's Annexation Ordinance is effectively amended to make the effective date of the ordinance the last day of the next full calendar month following the date of the final judgment in connection with petitioners' appeal to the appellate division, is allowed.

Respondent's Urgent Motion to Dissolve Temporary Stay or, Alternatively, to Expedite Review, is denied.

By order of the Court in Conference, this 13th day of July, 2004.

